UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )          Criminal No. 05-30036-MAP
                                  )
                                  )
            v.                    )
                                  )
1) TITO RODRIGUEZ, and            )
2) NELSON SANCHEZ                 )
            Defendants.           )

## MEMORANDUM PURSUANT TO LOCAL RULE 116.5

The United States of America, by and through its undersigned attorneys hereby files this memorandum.  The government faxed a draft to David J. Wenc, Esq., counsel for defendant Rodriguez, and Mickey E. Harris, Esq. counsel for defendant Sanchez on September 14, 2005.

1.    There are no outstanding discovery issues not yet presented or resolved by the Court.

2.    Defendant Rodriguez has requested discovery of expert witnesses under Fed. R. Crim. Pro. 16(a)(1)(E) and the government provided the requested information.

3.    The government has copies of the CD's/DVD's to give to defense counsel.  Beyond that, the parties do not anticipate providing additional discovery as the result of future receipt of information.

4.    The defendant does not intend to raise a defense of insanity or public authority.

5.    The government has requested notice of alibi by the

1

defendant and there has been no response by the defendant.

6.   The defendants have not filed but do intend to file, motions to sever, dismiss, or suppress, and/or any other motion requiring a ruling by the District Court before trial pursuant to Fed. R. Crim. Pro. 12(c).

7.   It is not necessary to schedule any matter in the case other than a Final Status Conference.

8.   The parties are not currently engaging in plea negotiations.

9.   The parties agree that there are periods of excludable delay.  The parties agree that the time frame from arraignment, June 29, 2005 through July 13, 2005 is excludable under Local Rule 112.2(A)(1).  Defendant Rodriguez filed a discovery letter on July 11, 2005 therefore pursuant to L.R. 112.2(A)(3), the period July 11, 2005 through July 24, 2005 is excludable.  On August 8, 2005 Defendant Rodriguez filed a Motion to Continue the Status Conference and on August 11, 2005 Defendant Sanchez's attorney filed a Motion to Withdraw.  At the August 12, 2005 Status Conference the Court denied the Motion to Continue and allowed the Motion to Withdraw.  On the same date the Court also excluded from the Speedy Trial period the time between August 12, 2005 and the next Status Conference which was subsequently scheduled for September 16, 2005.  There were no other motions or discovery letters filed.

Therefore, as of the day of the Status Conference on September 16, 2005, 18 days have run and 52 days remain on the Speedy Trial clock which will require that, if necessary, a trial commence on or before November 7, 2005.

10.  In the event that a trial is necessary the trial will last approximately 5 days.

11.  A date convenient with the Court should be established for the Final Status Conference.

Filed this 14TH day of September, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


TODD E. NEWHOUSE
Assistant United States Attorney

On behalf of defendant Rodriguez:


DAVID J. WENC, ESQ.
Counsel for defendant Rodriguez

On behalf of defendant Sanchez:


MICKEY E. HARRIS, ESQ.
Counsel for defendant Sanchez


CERTIFICATE OF SERVICE

3

Hampden,  ss.                          Springfield, Massachusetts
                                       September 14, 2005

        I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing, via mail to
all counsel of record.

                                       _____
                                       TODD E. NEWHOUSE
                                       Assistant U.S. Attorney

**4**